IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN JOSHUA DINKLE, #309785, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:18-CV-87-WHA |
| | ) |
| DOTHAN EAGLE NEWSPAPER, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Steven Joshua Dinkle, a state inmate, filed this 42 U.S.C. § 1983 action alleging that the defendant defamed and slandered him when it "printed articles [in the summer of 2017] about a hate crime that happened in 2009 [–] a cross burning the KKK did. [When] that case had nothing to do with the [sexual abuse] case at hand." Doc. 1 at 3. Dinkle submitted an application for leave to proceed *in forma pauperis* but did not file the financial information from the inmate account clerk at the Bibb Correctional Facility necessary to determine the average monthly balance in his inmate account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months. The court therefore ordered Dinkle to "file a prison account statement from the account clerk at Bibb" containing the requisite financial information on or before March 5, 2018. Doc. 3 at 1. In addition, the order specifically cautioned Dinkle "that if he fails to comply with this order the Magistrate Judge will recommend that this case be dismissed." Doc. 3 at 2.

Dinkle has failed to file his inmate account statement within the time provided by the court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file necessary financial information as ordered by this court.

On or before **April 11, 2018**, the plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

3

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 28th day of March, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge